COOPER COLES, PLAINTIFF, v. PEOPLES GAS COMPANY, A CORPORATION, AND CHARLES D. PROSSER, DEFENDANTS.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff, *Waddington & Mathews.*

For the defendant Peoples Gas Company, *Riggins & Davis.*

PER CURIAM.

This matter is on defendant Peoples Gas Company's rule to show cause why a verdict of $1,800 rendered against it and in favor of the plaintiff in the Salem Circuit and a

verdict of "no cause for action" awarded to the co-defendant, Charles D. Prosser, should not be set aside and a new trial granted. Exceptions taken by the prosecutor at the trial were reserved. On the oral presentation before us the prosecutor, apprehensive that the inclusion of its rule against Charles D. Prosser might involve its exceptions, waived that branch of its argument.

The action is for the killing, by gas escaping from the prosecutor's pipes, of six shade trees, two of which are on plaintiff's property and four of which are on the side of the highway on land recently sold by the plaintiff to the state for highway purposes.

The prosecutor's reasons under the rule are that the verdict of the jury in favor of the plaintiff is contrary to the charge of the judge at the trial as to damages, and that the damages found by the jury for the plaintiff are excessive.

A legal question arose at the trial as to whether the plaintiff had such an easement in the four trees along the highway, notwithstanding the same were rooted in ground of which the fee was in the state, as that he could maintain an action against a wrong-doer who destroyed them. The trial court, influenced by the case of *Donahue* v. *Keystone Gas Co.*, decided by the New York Court of Appeals and reported in 73 *N. E. Rep.* 1108, held that the plaintiff could maintain such an action and accordingly denied the prosecutor's motion for a nonsuit as to the four trees, allowing an exception to the ruling, and later charged the jury to like effect, granting an exception to that ruling also. In the course of that portion of the charge the court said:

"I charge you that the sale of the land upon which the trees stood, should not be considered by you in determining whether or not the plaintiff is entitled to recover for the loss of these four trees. You may, however, take that sale into consideration, with respect to the question of damage done to the farm."

The jury followed that instruction and made an award consistent therewith to the plaintiff. We fail to grasp the force of prosecutor's first point. If an erroneous legal propo-

1132

sition was stated to the jury for its guidance, the prosecutor will obtain its remedy in pursuing its exceptions.

The amount of the damages was in dispute. Prosecutor's witnesses placed it as low as five hundred or six hundred dollars. Witnesses for the plaintiff placed it from fifteen hundred dollars to two thousand dollars. The jury awarded eighteen hundred dollars. Apparently they believed the plaintiff's witnesses. They were entitled so to do. We may scarcely find fault with the jury for lawfully performing its function. Again, if the standard set by the court for the jury action was legally wrong, the prosecutor's redress will be had in following up the exceptions which are reserved from this ruling.

The rule to show cause is discharged, with costs.